IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Arthur Green,<br><br>    Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner<br>of Social Security,<br><br>    Defendant. | Civil Action No. 4:11-1817-RMG<br><br><br>**ORDER** |

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying his claim for Supplemental Security Income (SSI) benefits. In accord with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation on December 17, 2012 recommending that the Commissioner's decision be affirmed. (Dkt. No. 28). Plaintiff filed objections to the Magistrate Judge's report and the Commissioner filed a reply. (Dkt. Nos. 31, 34). As more fully set forth below, the decision of the Commissioner is reversed and remanded for the Commissioner to weigh and reconcile the new and material evidence offered to the Appeals Council by Plaintiff in accordance with *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011).

**Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the

Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. §405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

Under the regulations of the Social Security Administration, the Commissioner is obligated to consider all medical evidence and the opinions of medical sources, including treating physicians. 20 C.F.R. § 404.1545. This includes the duty to "evaluate every medical opinion we receive." 20 C.F.R. § 404.1527(c). Special consideration is to be given to the opinions of treating physicians of the claimant, based on the view that "these sources are likely to be the

medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." § 404.1527(c)(2). Under some circumstances, the opinions of the treating physicians are to be accorded controlling weight. Even where the opinions of the treating physicians of the claimant are not accorded controlling weight, the Commissioner is obligated to weigh those opinions in light of a broad range of factors, including the examining relationship, the treatment relationship, length of treatment, nature and extent of the treatment relationship, supportability of the opinions in the medical record, consistency, and whether the treating physician was a specialist. §§ 404.1527(c)(1)-(5). The Commissioner is obligated to weigh the findings and opinions of treating physicians and to give "good reasons" in the written decision for the weight given to a treating source's opinions. SSR 96-2P, 1996 WL 374188, at *5 (July 2, 1996).

    A claimant may offer relevant evidence to support his or her disability claim throughout the administrative process. Even after the Administrative Law Judge (ALJ) renders a decision, a claimant who has sought review from the Appeals Council may submit new and material evidence to the Appeals Council as part of the process for requesting review of an adverse ALJ decision. 20 C.F.R. §§ 404.968, 404.970(b). The new evidence offered to the Appeals Council is then made part of the record. The Social Security Regulations do not require the Appeals Council expressly to weigh the newly produced evidence and reconcile it with previously produced conflicting evidence before the ALJ. Instead, the regulations require only that the Appeals Council make a decision whether to review the case, and, if it chooses not to grant

review, there is no express requirement that the Appeals Council weigh and reconcile the newly produced evidence. *Meyer*, 662 F.3d at 705-06.

As the Fourth Circuit recently addressed in *Meyer*, the difficulty arises under this regulatory scheme on review by the courts where the newly produced evidence is made part of the record for purposes of substantial evidence review but the evidence has not been weighed by the fact finder or reconciled with other relevant evidence. *Meyer* held that as long as the newly presented evidence is uncontroverted in the record or all the evidence is "one-sided," a reviewing court has no difficulty determining whether there is substantial evidence to support the Commissioner's decision. *Id.* at 707. However, where the "other record evidence credited by the ALJ conflicts with the new evidence," there is a need to remand the matter to the fact finder to "reconcile that [new] evidence with the conflicting and supporting evidence in the record." *Id.* Remand is necessary because "[a]ssessing the probative value of the competing evidence is quintessentially the role of the fact finder." *Id.*

## Discussion

Plaintiff, who is currently 57 years of age, asserts a claim for SSI benefits on the basis of multiple alleged impairments, including two traumatic facial injuries in 2006 and 2007 and a right ankle fracture that dated from a 1979 service-related injury. Plaintiff underwent surgery in 2006 for severely displaced comminuted left facial fractures and thereafter complained of chronic severe headaches, dizziness, blurred vision, and a frequently "watering" left eye. Transcript (hereinafter "Tr.") at 28, 225, 232, 234, 286, 371-72, 373-76, 379, 380-82, 396, 418-19, 442. Plaintiff suffered additional facial fractures, apparently of a less serious nature, in 2007 and elected to treat the condition conservatively rather than undergo additional surgery. Tr. at 245.

He underwent multiple neurological evaluations and assessments for these facial traumas in 2009 and 2010 because of the persistence and severity of his complaints and was diagnosed with "left temporalis headaches and neuropathic pain." Tr. at 396, 419. His pain was variously documented by his treating physicians as "throbbing," "continuous," and "shooting." Tr. at 372, 374, 380, 418. It was also noted that various medications appeared to provide Plaintiff limited relief from his persistent pain. Tr. at 379, 382.

An administrative hearing was held before the ALJ on October 21, 2010. Plaintiff described the significant facial fractures he experienced as a result of being struck by an object in 2006, the eight-hour surgery he underwent to treat the condition, and the continuing problems he has experienced as a result of this incident. Tr. at 28-31. Plaintiff testified that these problems include "bad hearing, eye problems, draining of the eye. I have headaches, continuous headaches. I have loss of nerve on the left side." Tr. at 29. He further described the pain as "continuous." *Id.* Plaintiff testified that the draining of the eye causes blurry vision and he experiences dizziness "[a] lot of [the] time." Tr. at 30-31. He also stated that the medication he takes for pain makes him "sleepy and drowsy." Tr. at 32.

Plaintiff also testified that he has memory loss associated with this head injury. Tr. at 31. He indicated that his sister, Althea Brown, has handled his personal affairs since he suffered this injury. Tr. at 33. Mrs. Brown also testified that her brother began developing memory problems and had complaints of severe pain following his 2006 injury and that she and her mother have taken responsibility for his basic needs. "[W]e started keeping up with his doctor's appointments and I'd go and shop for him and – grocery shop, buy food for him. My mother washes his clothes and things – whatever he needs help with, I try to help him with it and then I try to

remind him of a lot things he forgets." Tr. at 40. Mrs. Brown explained that Plaintiff lives with their mother and "mainly stay[s] around the house." *Id.*

The ALJ found that Plaintiff did have certain severe impairments, including "a left sided head injury," "left orbital floor fracture," and "right ankle fracture." Tr. at 15. The ALJ questioned, however, the credibility of Plaintiff because he found the claimant's testimony that he enjoyed playing chess, checkers, and dominos "inconsistent with his allegations of concentration difficulties and severe and disabling head pain." Tr. at 19. The ALJ gave "little weight" to Mrs. Brown's testimony because "the severity of the claimant's symptoms are not supported by the weight of the other evidence of record." Tr. at 20.

The ALJ relied, instead, on the chart review performed by Dr. Joseph Gonzalez, a consultant retained by the Social Security Administration. Dr. Gonzalez did not conduct a physical examination of Plaintiff, provide any treatment, or otherwise observe him. In a report issued on March 24, 2009, Dr. Gonzalez concluded that Plaintiff was able to "sustain the full range of medium work." Tr. at 336. Dr. Gonzalez did find Plaintiff's ankle fracture imposed certain limitations on his work but the ALJ gave "little weight" to that portion of Dr. Gonzalez's report. Tr. at 19, 336, 338.

The ALJ made only passing references to Plaintiff's multiple neurological evaluations at the Veterans Administration Hospital in Charleston conducted in 2009 and 2010 and failed to reference the diagnoses and conclusions of these examining and treating physicians. Tr. at 18-19. For instance, Plaintiff was diagnosed following a detailed neurological work up on August 3, 2009 with having a "watering left eye" and left temple pain which the physician believed was most likely related to his 2006 orbital fracture. Tr. at 374, 376. The physician indicated a desire

to perform an MRI of the face to try to "locate the anatomy of the 5th nerve" but was unable to utilize this diagnostic method because Plaintiff had a plate and screw in his face from his 2006 surgery. Tr. at 376. Plaintiff again underwent a neurological evaluation on March 10, 2010 regarding his "constantly aching and intermittently throbbing pain" and was diagnosed with "left temporalis headaches and neuropathic pain." Tr. at 418-19. It was further noted that various pain medications were used to treat Plaintiff's pain complaints "without impressive results." Tr. at 418. Plaintiff had another neurological assessment on July 12, 2010, which concluded that Plaintiff's facial pain was "resulting from L[eft] sided facial fracture in 2006" and the "symptoms were consistent with vascular cause of pain." Tr. at 382. Dr. Gonzalez, the chart reviewer relied upon by the ALJ, did not consider any of these neurological evaluations because they were all conducted subsequent to his March 24, 2009 report. Tr. at 334-41.[1]

After the ALJ issued his decision on November 23, 2010 denying Plaintiff SSI benefits, Plaintiff filed a request for review with the Appeals Council on January 20, 2011. Plaintiff submitted at that time certain responses to a questionnaire completed on November 4, 2010 by Dr. Yvonne Davis, who was described as the claimant's "primary care treating physician at the Charleston VA Medical Center."[2] Tr. at 114-15. Dr. Davis indicated that Plaintiff's condition prevented him from performing any more than sedentary work and asserted that her opinions regarding Plaintiff's functional limitations were supported by his medical record. Tr. at 466.

---

[1] The Plaintiff's record also contained a Medical Evaluation Referral conducted by another physician, Dr. Mary Lang, on December 1, 2009, but according to this report Dr. Lang did not review any records after November 24, 2008. Tr. at 356-57.

[2] Dr. Davis is referenced as Plaintiff's primary care provider in multiple entries in his medical records. Tr. at 360, 361-62, 368, 369, 371.

These opinions by Dr. Davis were new and material and clearly in conflict with the March 2009 consultant's report of Dr. Gonzalez.

The Appeals Council denied Plaintiff's request for review but did not weigh the newly provided medical opinions of Dr. Davis or reconcile those with the supporting and conflicting evidence in the administrative record. Tr. at 1-4. Since the evidence in this case is not "one-sided" and the newly offered opinions of Dr. Davis, presented for the first time to the Appeals Council, are in conflict with other evidence "credited by the ALJ," there is clearly a problem under *Meyer* because "no fact finder has made any findings as to the treating physician's opinion or attempted to reconcile that evidence with the conflicting and supporting evidence in the record." *Meyer*, 662 F.3d at 707. As the Fourth Circuit noted in *Meyer*, "[a]ssessing the probative value of the competing evidence is quintessentially the role of the fact finder," mandating "remand for further fact finding." *Id.*

The Commissioner vigorously argues against remand, contending that this Court should ignore new opinions of Dr. Davis because her opinions are "an outlier" that are "unsupported" by the record and the actual relationship between Dr. Davis and the Plaintiff is "unclear." (Dkt. Nos. 24 at 9 and 13; 34 at 4-6). Whether Dr. Davis' opinions are supported by the record or should be credited are issues that must be addressed by the fact finder and not this Court on review. Further, if an issue exists with the present record concerning whether a particular physician is (as claimed) a treating physician, the ALJ should make "every reasonable effort" to contact the physician to obtain clarification on this important evidentiary issue.[3] SSR 96-5P,

---

[3] Under 20 C.F.R. § 404.1512(e)(1), which was in effect at the time this appeal was filed, the Commissioner is obligated where information from a treating physician "is inadequate for us to determine whether you are disabled," to "recontact your treating physician . . . to determine

1996 WL 374183, at *5 (July 2, 1996).

The Commissioner further argues that the Court should disregard Dr. Davis' newly submitted opinions because to do otherwise would promote gamesmanship by claimants by allowing them to submit to the Appeals Council information that could have been presented at the administrative hearing. This would, the Commissioner argues, allow claimants to obtain "a 'second bite of the apple' in the event of an adverse decision." (Dkt. No. 24 at 14). The Social Security Administration's own regulations authorize the claimant to submit "new and material evidence" to the Appeals Council, 20 C.F.R. § 404.970(b), and no doubt newly presented evidence to the Appeals Council frequently addresses evidentiary deficiencies noted in the ALJ's decision. Whatever administrative burden this may place on the Social Security Administration, the regulation appears to be based on the principle that these proceedings are non-adversarial and the real objective is a search for truth. Existing regulatory standards allow this newly presented information to be presented at the Appeals Council stage, and *Meyer* requires that any new opinions from a medical source must be weighed and reconciled by the fact finder if in conflict with other evidence credited by the ALJ. 662 F.3d at 707.

## Conclusion

Based upon the foregoing, the Court hereby **REVERSES** the decision of the Commissioner and **REMANDS** this matter for further proceedings consistent with this opinion pursuant to Sentence Four of 42 U.S.C. § 405(g).[4]

---

whether the additional information we need is readily available."

[4] On remand, the Commissioner should also weigh the findings, diagnoses, and opinions expressed by various treating physicians in the 2009 and 2010 neurological evaluations of Plaintiff, which were largely overlooked by the ALJ in his November 23, 2010 opinion. Tr. at

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

January 24, 2013
Charleston, South Carolina

---

371-72, 373-76, 380-82, 418-19. Contrary to the argument made by the Commissioner on appeal, the record does appear to contain evidence supportive of the opinions of Dr. Davis.

-10-