## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Arthur Green, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Carolyn W. Colvin, Acting )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>)<br>_____ ) | Civil Action No. 4:11-1817-RMG<br><br><br><br>**ORDER** |

This matter comes before the Court on Plaintiff's motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt. No. 37). Plaintiff seeks an award of $5,944.32 on the basis of an hourly rate of $184.32 per hour for 32.25 hours of legal work. Defendant objects to an award under the EAJA, contending that the Government's litigation position on appeal was "substantially justified." (Dkt. No. 38).

Under the provisions of the EAJA, parties prevailing against the United States are entitled to an award of attorney's fees unless the Government can carry its burden of demonstrating that its litigation position was substantially justified. 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991). "Substantial justification" is more than "merely undeserving of sanctions for frivolousness" and the Government's position must be "reasonable . . . both in law and in fact." *Pierce v. Underwood*, 487 U.S. 552, 565–66 (1988). The Government's position is substantially justified where "a reasonable person could think it correct . . . ." *Id.* at 566 n.2.

This matter originally came before the Court on an appeal of the decision of the

-1-

Commissioner denying Plaintiff disability benefits. In the course of the administrative process, Plaintiff submitted to the Appeals Council new and material medical records from a treating physician, Dr. Yvonne Davis. Dr. Davis was described as the claimant's "primary care treating physician at the Charleston VA Medical Center" and her opinions clearly conflicted with the opinions of a chart reviewer, Dr. Joseph Gonzalez, credited by the Administrative Law Judge in the agency decision. Tr. at 114–15. The Appeals Council denied Plaintiff's request for review but did not weigh the newly produced evidence of Dr. Davis or reconcile it with other conflicting and supporting evidence in the record. This Court found the Commissioner's failure to weigh and reconcile the new and material evidence submitted to the Appeals Council to be contrary to the clear holding of the Fourth Circuit in *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011).

The Court is aware that the Commissioner vigorously contested the obligation of the Appeals Council to weigh and reconcile new and material evidence produced for the first time at the Appeals Council level and, after failing to persuade the Fourth Circuit in *Meyer* of the correctness of this position, has persistently argued for a narrow interpretation of the decision that disregards the clear holding of the case. However, where material evidence is newly produced at the Appeals Council stage of the administrative process and conflicts with evidence credited and relied upon by the Administrative Law Judge, there is a problem for the reviewing court because "no fact finder has made any findings as to the treating physician's opinion or attempted to reconcile that evidence with the conflicting and supporting evidence in the record." *Id.* Precisely because "[a]ssessing the probative value of the competing evidence is quintessentially the role of the fact finder," the Fourth Circuit clearly held in *Meyer* that remand for further fact finding is mandatory under these circumstances. *Id.*

The Court finds that *Meyer* is the well settled law of this Circuit and the Commissioner has failed to carry his burden of demonstrating that his position in this matter was "substantially justified." 28 U.S.C. § 2412(d)(1)(A). Therefore, the Plaintiff's motion for an award of attorney's fees under the EAJA is granted.

The Commissioner has asserted no challenge to the Plaintiff's requested hourly rate, hours expended or the total award. The Court has reviewed the memorandum of Plaintiff, as well as the supporting underlying documents, and finds the total fee request, hours expended and hourly rate to be reasonable and authorized under applicable law. *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). Therefore, the Court grants an attorney's fee award to Plaintiff under the EAJA of $5,944.32. The Commissioner is directed to make the check payable to Plaintiff and to deliver the check to the office of Plaintiff's counsel.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

Charleston, South Carolina
May 14, 2013